**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLARK MOSES,<br><br>Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE, LLC,<br><br>Defendant. | CASE NO: 09-CV-1961W (BLM)<br><br>**ORDER GRANTING IN-PART AND DENYING IN-PART DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE [DOC. 20]** |

On September 8, 2009, Plaintiff Clark Moses filed this lawsuit against Defendant GMAC Mortgage, LLC ("GMACM"). On April 21, 2010, GMACM moved to dismiss and strike Plaintiff's First Amended Complaint ("*FAC*") under Federal Rules of Civil Procedure 12(b)(6) and 12(f) (the "Motion"). (Doc. 20.) Moses opposes the Motion.

The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court **GRANTS IN-PART** and **DENIES IN-PART** GMACM's Motion (Doc. 20).

//

//

# I. Background

On March 12, 2007, Moses obtained a mortgage loan from MortgageIt to refinance real property located at 1034 Silver Oak Place, Chula Vista, California. (*FAC* [Doc. 18], ¶ 13.) Moses alleges that MortgageIt subsequently assigned the loan to GMACM. (*Id.*, ¶¶ 9, 25.)

In early 2009, Moses began having difficulty making payments on his mortgage. On May 9, 2009, GMACM served Moses with a Notice of Default, and a trustee's sale was scheduled for September 11, 2009. (*FAC*, ¶ 26.)

On September 8, 2009, Moses filed this lawsuit. The initial complaint was dismissed with leave to amend. On April 1, 2010, Moses filed the FAC asserting causes of action for violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601; violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601; violation of California Business & Professions Code § 17200; fraud-misrepresentations; fraud-concealment, and; declaratory judgment. On April 20, 2010, GMACM filed the pending Motion.

# II. Motion to Dismiss - Rule 12(b)(6)

## A. Legal standard.

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See North Star Int'l v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. Id. The court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court recently explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1964-65. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by parties. Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions. Id. Courts may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994) (citing Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986); *abrogated on other grounds by* Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104 (1991)).

**B. A reasonable inference may be drawn that GMACM, as the assignee, owns the loan.**

GMACM argues that Moses failed to allege sufficient facts to support the claim that GMACM is the assignee of the loan. Specifically, GMACM argues that its "status as an assignee is a legal conclusion, and bare assertions of legal conclusions, without factual allegations to support those conclusions, are insufficient to satisfy federal pleading requirements." (*Motion*, 7:11.)

Moses, however, does not simply allege that GMACM was the assignee. Rather, Moses alleges that MortgageIt "assigned the loan to GMAC[M] in either 2007, 2008,

or 2009. . . ." (*FAC*, ¶ 25.) From this factual allegation, a reasonable inference may be drawn that GMACM is an assignee.

GMACM nevertheless argues that even if Moses sufficiently alleged that it is an assignee, he has not established that GMACM is either an owner of the obligation or an assignee for more than administrative convenience, a requirement under TILA. See 15 U.S.C. §1641.

Although it is true that the FAC does not make specific allegations with regard to the loan's ownership, such an inference can be drawn from Moses's allegation that GMACM is currently "the servicer [of the] loan obligation ***and*** an assignee of MortgageIt." (*FAC*, ¶ 9, emphasis added.) Because the Court must construe all material allegations and reasonable inferences in the light most favorable to the nonmoving party, the Court finds that Moses has adequately alleged that GMACM is liable under TILA as an assignee and owner of the mortgage.[1]

**C. Moses's TILA damage claims are time barred.**

GMACM argues that Moses's TILA claims for damages are time barred. The Court agrees.

TILA damage claims are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). The statute runs from the consummation of the loan. Meyer v. Ameriquest Mort. Co., 331 F.3d 1028 (9th Cir. 2003).

Here, the FAC indicates the loan was consummated in approximately March 2007. (*See FAC*, ¶ 13.) Because the lawsuit was filed in September 2009, over 2 years later, Moses's damage claims are time barred.[2] (*See Compl.* [Doc. 1].)

Moses responds that equitable tolling should be applied. However, he has failed to allege facts that suggest tolling is applicable.

---

[1] Whether GMACM is the owner of the loan as a result of the assignment is an issue more appropriately resolved on summary judgment.

[2] However, Moses's claims for rescission under TILA are not time barred. TILA rescission claims are subject to a three-year statute of limitations. 15 U.S.C. § 1635(f).

In TILA cases, equitable tolling "suspend[s] the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). In the FAC, Moses admits that "[a]t origination Plaintiff received conflicting and intentionally deceptive documents." (*FAC*, ¶ 17.) Reception of conflicting and deceptive documents provided Moses with notice that something was wrong. Additionally, in the FAC, Moses acknowledges that certain "inaccuracies were evident based . . . on the face of the documents." (*Id.*, ¶ 16.) These allegations confirm that Moses should have known about the alleged wrongdoing when the loan closed. Accordingly, Moses is not entitled to tolling and the TILA damage claims are time barred.

**D. Moses stated a claim for violation of RESPA.**

GMACM argues that Moses's RESPA claim fails because the letter on which it is based does not meet the requirements for a qualified written request ("QWR"). After reviewing the parties' submissions, the Court disagrees.

RESPA defines a QWR as follows:

> [A] qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

Moses's QWR is attached to the FAC. (*QWR* [Doc. 23-6], Ex. 3.) The first page includes the name and account of the borrower, meeting the first requirement of § 2605(e). (*Id.*, at 1.) The QWR also states that Plaintiff "may have been a victim of predatory lending [when] the loan was originated and ***during its servicing***." (*Id.*, emphasis added.) The letter then lists deceptive actions that may have resulted from

the predatory lending, followed by a request for documents containing information covering the life of the loan. (*Id.*, at 1-2.) Among the documents Moses requests is a history of payments made during servicing. (*Id.*, at 2.) Thus, contrary to GMACM's argument, the QWR clearly sought information relating to the servicing and specified the reason Moses believed the account might be in error (i.e. the alleged misrepresentations), satisfying the second requirement of § 2605(e). Accordingly, the Court is not persuaded by GMACM's argument.

**E. The section 17200 claim is adequately pled.**

GMACM argues that Moses has failed to state a claim for violation of California Business & Professions Code § 17200 because he has not established a violation of a predicate law. The Court disagrees.

Business & Professions Code § 17200 defines unfair competition to include "unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising." An unlawful business practice includes "anything that can properly be called a business practice and that at the same time is forbidden by law." Barquis v. Merchants Collection Assn., 7 Cal.3d 94 (1972). Because section 17200 borrows from other laws, there must be a violation of the predicate law in order to proceed with a 17200 claim. Rothschild v. Tyco Int'l, Inc., 83 Cal. App. 4th 488 (Cal. Ct. App. 2000).

Here, GMACM's challenge to the section 17200 claim appears to be based on the assumption that it would prevail on the motion to dismiss Moses's other claims. Because Moses has stated a claim under RESPA and for rescission under TILA, GMACM's argument lacks merit.[3]

[3]GMACM raises other reasons for dismissing this cause of action. Having considered those arguments, the Court finds them unpersuasive at this time.

**F. Moses's fraud-based causes of action do not state a claim against GMACM.**

Moses's original complaint asserted several fraud-based causes of action. The Court dismissed the claims because all of the fraud allegations related to the origination of the loan, and GMACM was not involved in that process. In the FAC, Moses now asserts two fraud-based claims: one for misrepresentation, and the other for concealment. GMACM challenges these claims, arguing that they are insufficiently pled and again relate to conduct that occurred during the origination of the loan. The Court agrees with GMACM.

The fraud-misrepresentation claim alleges that "MortgageIT misrepresented the APR, Finance Charge, Amount Financed and Total Payments at origination." (*FAC*, ¶ 74.) These same misrepresentations form the basis of the fraud-concealment claim. (*Id.*, ¶ 84.) And Moses's opposition confirms that the alleged wrongful conduct for both claims occurred "[a]t the origination date of the loan on or about April 2007. . . ." (*Opp'n* [Doc. 23], 12:10–11.) Additionally, the FAC continues to acknowledge that GMACM was assigned the loan, and thus not involved in the loan's origination. (*Id.*, ¶ 9.)

Given these allegations, Moses failed to plead with any particularity GMACM's role in the alleged fraud. And because this constitutes Moses second attempt to plead fraud-based claims, the Court will dismiss the claims without leave to amend.

**G. The FAC adequately pleads a declaratory judgment claim.**

GMACM argues that Moses's claim for declaratory judgment fails because no "actual controversy" exists. The Court disagrees.

28 U.S.C. § 2201 states:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such

declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Here, GMACM once again premises its argument on the belief that Moses's TILA, RESPA and fraud claims would be dismissed. Because the TILA and RESPA claims have not been dismissed, Moses has adequately alleged the existence of an actual controversy as required by section 2201.

## III. MOTION TO STRIKE - RULE 12(F)

### A. Legal standard.

Rule 12(f) provides that a federal court may strike from the pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983); Chong v. State Farm Mut. Auto. Ins. Co., 428 F.Supp.2d 1136, 1139 (S.D. Cal. 2006). Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003). Thus, courts generally grant a motion to strike only where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." LeDuc v. Kentucky Cent. Life Ins. Co.,814 F.Supp. 820, 830 (N.D. Cal. 1992).

### B. Moses cannot recover monetary damages under TILA or section 17200.

As discussed above, the TILA claims for damages are time barred, and Business & Professions Code § 17200 limits remedies to injunctive relief and restitution. See Cal. Bus. & Prof. Code § 17203. Accordingly, Moses's request for damages in connection with these causes of action is struck.

**C. Moses's request for punitive damages is not supported.**

As discussed above, Moses has failed to plead the fraud-based claims with sufficient particularity. Moses's request for punitive damages is based on those claims. (*Opp'n.*, 14:13–23.) Accordingly, the Court will strike his request for punitive damages.

**D. The request for rescission and attorney's fees are appropriate.**

As discussed previously with regards to the TILA claims, rescission under TILA is still available to Moses. (*See supra*, f.n. 2.) Additionally, TILA allows for the recovery of attorney's fees. See 12 U.S.C. § 1640(a)(3). Accordingly, GMACM's request to strike the request for rescission and attorney's fees is denied.

**F. Moses failed to plead a claim to quiet title.**

California Code of Civil Procedure § 761.020 states that a claim to quiet title requires: (1) a verified complaint, (2) a description of the property, (3) the title to which a determination is sought, (4) the adverse claims to the title against which a determination is sought,(5) the date as of which the determination is sought, and (6) a prayer for the determination of the title.

Here, Moses's FAC is not verified, does not identify the title, does not describe the adverse claims, and does not state the date as of which the determination is sought. Accordingly, Moses has failed to state a claim to quiet title. However, because Moses has not had an opportunity to amend this claim, the Court will grant leave to amend.[4]

**G. Moses's prayer for a preliminary injunction is improper.**

To obtain a preliminary injunction, a plaintiff must file a motion under Federal Rule of Civil Procedure 65(a). Moses's request for a preliminary injunction in the FAC is, therefore, improper.

---

[4]If Moses seeks to assert a quiet-title claim in the SAC, it must be included as a separate cause of action, which sets forth all required elements.

## IV. CONCLUSION AND ORDER

In light of the foregoing, the Court **GRANTS IN-PART** and **DENIES IN-PART** GMACM's Motion (Doc. 20) and **ORDERS** as follows:

1. The TILA-damage claims are **DISMISSED** without leave to amend.
2. The fraud-based claims (causes of action 8 and 9) are **DISMISSED** without leave to amend.
3. The claim to quiet title is **DISMISSED** with leave to amend.
4. The requests for monetary damages under TILA, and Business & Professions Code § 17200 are **STRUCK**.
5. The request for punitive damages is **STRUCK**.
6. The prayer for a preliminary injunction is **STRUCK**.

If Moses chooses to file a Second Amended Complaint ("SAC") in order to re-plead the claim to quiet title, the SAC must be filed on or before **July 26, 2010.**

**IT IS SO ORDERED.**

DATED: July 14, 2010

Hon. Thomas J. Whelan
United States District Judge