UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARK MOSES,<br><br>              Plaintiffs,<br><br>   vs.<br><br>GMAC MORTGAGE, INC.,<br><br>              Defendant. | CASE NO. 09-CV-1961 W (BLM)<br><br>**ORDER GRANTING IN-PART AND DENYING IN-PART DEFENDANT'S MOTION TO STRIKE [DOC. 34]** |

Pending before the Court is Defendant GMAC Mortgage, Inc.'s motion to strike portions of Plaintiff Clark Moses' Second Amended Complaint ("SAC").

The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1).  For the reasons stated below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendant's motion to strike.

I.   DISCUSSION

Rule 12(f) provides that a court may strike from the pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed.R.Civ.P.

12(f). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. Chong v. State Farm Mut. Auto. Ins. Co., 428 F.Supp.2d 1136, 1139 (S.D. Cal. 2006); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003). Thus, courts generally grant a motion to strike only where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." LeDuc v. Kentucky Cent. Life Ins. Co.,814 F.Supp. 820, 830 (N.D. Cal. 1992).

On July 14, 2010, this Court granted Defendant's motion to strike Plaintiff's damage claims under TILA and Business & Professions Code § 17200.  (*See Order Granting In-Part and Denying In-Part Mt. to Dismiss and Strike* [Doc. 27] 8:23–28.) Defendant argues that "[i]n clear violation of the Court's order, Plaintiff alleges and requests damages pursuant to TILA." (Mt, 221–23.)  Defendant, therefore, seeks to strike the following allegations in the SAC:

- "The amount of damages pled in good faith are $1,000,000." (SAC, ¶ 5.)

- ". . . Defendants violated §226.23(b)(1) resulting in damages in an unspecified amount." (*Id.*, ¶ 34.)

- "AS TO THE FIRST THROUGH FOURTH CAUSES OF ACTION 1. Actual Damages;
  ***
  8. $1,00,000.00." (*Id.*, ¶ E1 and 2.)

Having reviewed the SAC, only the second damage allegation identified above specifically references TILA.  The other allegations do not, and Defendant has not explained why it believes the damage allegations refer to TILA.

## II    CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to strike, and **ORDERS** the following language from paragraph 34 of the SAC stricken: ". . . Defendants violated §226.23(b)(1) resulting in damages in an unspecified amount."

Additionally, Plaintiff is reminded that his TILA claim has been dismissed with prejudice, and that he is not entitled to recover damages under TILA or Business & Professions Code § 17200.

**IT IS SO ORDERED.**

DATED: April 4, 2011

Hon. Thomas J. Whelan
United States District Judge